[Civ. No. 5578. Third Appellate District.—January 30, 1937.]

SERVICE TANK LINES (a Corporation), Respondent, v. HAZEL LEMA, Administratrix, etc., Appellant.

C. Ray Robinson and James D. Garibaldi for Appellant.

George H. Hauerken and H. K. Landram for Respondent.

THE COURT.—This appeal is concerned with an action instituted upon the complaint of the Service Tank Lines against the Estate of Lema, deceased, for property damage which arose out of a collision between one of the trucks and a trailer of the Tank Lines and the automobile of Tony Lema, now deceased. In reality the real party in interest was Federal Insurance Company, which carried the property damage insurance and which had assigned its claim to plaintiff for the purpose of this action. As plaintiff the Tank Lines was represented by Mr. Hauerken, as attorney.

The Estate of Lema, through Hazel Lema, as administratrix, resisted the claim of the Tank Lines and filed a cross-complaint against the Tank Lines and Henry Wolcott, the driver of the truck. The Service Tank Lines in defense of the action instituted against it on the cross-complaint was

represented by Mr. Landram acting for the Tank Lines and Pacific Indemnity Company, carrier of the Tank Lines' public liability insurance. The Pacific Telephone and Telegraph Company, through its attorney, Mr. Wright, filed an action against Service Tank Lines, Mr. Landram representing this defendant, and the Estate of Lema, represented throughout by Mr. Robinson and Mr. Garibaldi, for damages to its property in the same accident.

The facts disclose that a collision occurred on the Golden State highway between an automobile driven by Tony Lema and a truck and trailer belonging to the Service Tank Lines and driven by Henry Wolcott. As the result of this collision Lema was thrown to the pavement. The trailer of the Tank Lines was overturned and its contents of gasoline were poured out upon the highway. The gasoline became ignited, cremating Lema and destroying the automobile and trailer. It also spread across the highway and burned two poles of the Pacific Telephone and Telegraph Company which supported the main trunk lines of that company.

These three cases, that is, the action by the Tank Lines against the Estate of Lema, the cross-action by the Estate of Lema against the Tank Lines and Wolcott, and the action by the Pacific Telephone and Telegraph Company against the Tank Lines and the Estate of Lema were by stipulation tried together. Just before the cases were submitted to the jury the Telephone Company dismissed as to Hazel Lema, as administratrix, leaving as the sole defendant in the case the Tank Lines Company. In the Tank Lines case the jury rendered a verdict that neither party recover from the other, and in the Telephone Company case in favor of the defendants. In due time a motion was made in the case of the Tank Lines against Lema, asking for a new trial, limiting the same to issues raised in the complaint and leaving the judgment in favor of the cross-defendants, Tank Lines and Wolcott, in full force; or in the alternative to grant a new trial as to both the complaint and cross-complaint.

The motion was made upon all of the statutory grounds and an affidavit filed in support thereof alleging prejudicial misconduct. The alleged misconduct was based upon the dismissal by the Telephone Company of the administratrix of the Lema estate, which left as the sole defendant the Service Tank Lines.

The trial court granted the motion of plaintiff for a new trial on the issues raised both by the complaint and the cross-complaint and this appeal is from that action; also Service Tank Lines and Wolcott are appealing from the order granting a new trial to the Telephone Company. No motion for a new trial was made by Mr. Landram representing the cross-defendants, Tank Lines and Wolcott. The only motion for such relief was made by Mr. Hauerken as an alternative in his motion. When, however, we view the complaint of the Tank Lines to recover for its property damage, wherein the Tank Lines was represented by Mr. Hauerken, as a separate action from the action for damages for personal injury against the Tank Lines and its driver as cross-defendants, represented by Mr. Landram, we see that these two actions are substantially separate proceedings and must be so treated.

Taking up first the motion by Mr. Hauerken for a new trial in the case of *Pacific Telephone and Telegraph Co.* v. *Service Tank Lines and Lema,* we find Mr. Hauerken was not an attorney for any of the parties named therein. He was not the attorney for Service Tank Lines, as in that action Mr. Landram represented the Tank Lines and no motion for a new trial was made by him, and the Lema Estate was represented by Messrs. Robinson and Garibaldi. Inasmuch, therefore, as neither the attorneys of record for plaintiff nor defendants saw fit to move for a new trial in the action brought by the Pacific Telephone and Telegraph Company, the trial court exceeded its jurisdiction in ordering a new trial in that case. Merely because all of the parties saw fit to stipulate that the two cases could be tried at the same time did not have the effect of extending the scope of respective counsel beyond the cases in which they were immediately retained. The order of the trial court in granting a new trial in the case of Pacific Telephone and Telegraph Company against Service Tank Lines and Hazel Lema, as administratrix, must, therefore, be set aside.

As to the order of the trial court granting a new trial upon motion of Mr. Hauerken as to the cross-defendants, Tank Lines and Wolcott in the case of *Lema, as Administratrix,* v. *Tank Lines and Wolcott,* we also believe the court erred. Mr. Hauerken was not the attorney of record for cross-defendants Tank Lines and Wolcott. It is true he first attempted to obtain a new trial upon behalf of Service

Tank Lines as assignee of the Federal Insurance Company in the action wherein Tank Lines was plaintiff, but in his motion he asked in the alternative for a new trial as to cross-defendants Service Tank Lines, the assignee of Pacific Indemnity Company, and Wolcott. The trial court acted under the alternative request and granted the new trial as to those cross-defendants. It is apparent that Mr. Hauerken had no authority nor right to apply for a new trial upon the issues raised by the cross-complaint, and further, the jury having found in favor of these cross-defendants, they were not parties aggrieved by the verdict and could not seek a new trial. (Sec. 657, Code Civ. Proc.)

This now leaves us to consider the order granting the new trial under the issues framed by the complaint wherein Service Tank Lines, as plaintiff, was suing Hazel Lema, as administratrix, as defendant.

The principal ground stressed for new trial grows out of the alleged misconduct of the attorneys for the Lema Estate and the attorney for the Telephone Company. During the trial upon the issues framed by the complaint wherein the Telephone Company was plaintiff, counsel for the Telephone Company caused to be entered a dismissal of the action against the Estate of Lema. The consideration for this dismissal was not made known until after the judgment was entered, but by the affidavits of the various parties it appears that the Lema Estate paid $1,000 to the Telephone Company. Mr. Hauerken for the Tank Lines contends that the arrangement constituted a settlement with one of several joint tort-feasors which automatically released the other joint tort-feasors, while counsel for the Telephone Company and the Estate of Lema contend that it constituted only a covenant not to sue. The trial court held that such an arrangement, whatever it might be considered, was prejudicial to the Tank Lines and Wolcott and for that reason a new trial should be granted.

In this, the Telephone case, we must again recall that Mr. Landram represented the Tank Lines and Wolcott, and Mr. Robinson and Mr. Garibaldi, the Lema Estate. What was done at that time and in that case cannot be questioned by Mr. Hauerken, who was not the attorney therein, nor can the acts of counsel there be used to lay a foundation for a new trial in an entirely separate and distinct proceeding.

The fact that these two independent actions happened to be tried at the same time before the same jury cannot alter the situation. The counsel of record in each case had a right to present the law and the facts as in his opinion would best represent his client. If the Telephone Company felt that it should accept $1,000 from the Lema Estate, either in full satisfaction, and release the estate, or by some other arrangement, it was fully within its rights so to do. Counsel also had the right to argue the case to the jury and to take the position that the Tank Lines was alone responsible for the damages to his client. If Mr. Landram, the attorney for the Tank Lines in that phase of the litigation, was satisfied, no outsider can complain. That such situation did not affect the jury adversely to the rights of the Tank Lines or to Wolcott is evidenced by the fact that the jury found in favor of both the Tank Lines and Wolcott on the Lema cross-complaint. Also, the fact that the jury found against the Telephone Company in its action must indicate the argument of Mr. Wright, the attorney for the Telephone Company, was not so prejudicial as to sway the jury in his behalf, and if his argument was not effective, his motives were not material. Furthermore, if the Telephone Company was guilty of prejudicial misconduct it certainly was not entitled to the benefit of a new trial.

The order granting a new trial did not specify that it was so granted upon the ground of the insufficiency of the evidence and therefore it must be presumed the order was not based upon that ground. (Sec. 657, Code Civ. Proc.) Therefore, in considering the orders granting the new trials, we find a new trial was granted to the Telephone Company against the Tank Lines and Wolcott. We also find a new trial was granted to the Tank Lines upon its complaint and a new trial was granted the Lema Estate upon its cross-complaint. If the evidence is insufficient to justify the finding of the jury to the effect the Tank Lines should not recover upon its complaint against the Lema Estate how can it logically be likewise insufficient to justify the finding in favor of the Tank Lines and Wolcott in the Telephone case? Also, if the evidence is insufficient to justify the finding of the jury to the effect that the Tank Lines should not recover against the Estate of Lema how can it be said it is likewise insufficient to justify the finding that the Lema Estate should

not recover against the Tank Lines and Wolcott? Upon this phase, the order granting the new trial to the Lema Estate upon its cross-complaint against the Tank Lines and Wolcott cannot be upheld. We fully recognize the well-established rule that all presumptions are in favor of an order granting a new trial and that a wide latitude is vested in the trial court in passing upon such a motion. But under the circumstances here presented, where no errors in the admission or the rejection of the evidence are found, where the jury was fully and fairly instructed as to the law, and the error arose more from confusion of the relationship of the various interests than from any mistake of law, we believe the order of the trial court in granting the new trial, both in the Service Tank Lines case and the Telephone Company case, should be reversed, and it is so ordered.